# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 21-364V

UNPUBLISHED

| | |
|---|---|
| EDWARD LOUIS AMBIEL, JR., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: May 18, 2023 <br><br> Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Felicia Langel, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On January 8, 2021, Edward Louis Ambiel, Jr. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table injury – Shoulder Injury Related to Vaccine Administration ("SIRVA") – as a result of receiving an influenza ("flu") vaccine on October 22, 2020. Petition at 1. Petitioner further alleges the vaccine was administered within the United States, that he will suffer the residual effects of his injury for more than six months, and that there has been no prior award or settlement of a civil action on his behalf as a result of his injury. Petition at ¶¶ 4, 12-14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 12, 2023, Respondent filed a Rule 4(c) Report Recommending Compensation and Proffer of Compensation in which he concedes that Petitioner is entitled to compensation in this case. ECF No. 33 at 3-4. Specifically, Respondent indicates that

> [m]edical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services, have reviewed the petition and medical records filed in this case. It is respondent's position that petitioner has satisfied the criteria set forth in the Table and the Qualifications and Aids to Interpretation for SIRVA. See 42 C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10). Specifically, petitioner had no history of pain, inflammation, or dysfunction of the affected shoulder prior to vaccine administration that would explain the alleged signs, symptoms, examination findings, and diagnostic studies occurring after vaccine injection; he suffered the onset of pain within forty-eight hours of vaccine administration; his pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and there is no other condition or abnormality present that would explain his symptoms. 42 C.F.R. § 100.3(c)(10). Therefore, petitioner is entitled to a presumption of vaccine causation.

*Id.* at 3. Respondent further agrees that

> [w]ith respect to other statutory and jurisdictional issues, the record shows that this case was timely filed, the vaccine was received in the United States, and petitioner satisfies the severity requirement by suffering the residual effects of his injury for more than six months after vaccine administration.

*Id.* at 4 (citing Sections 11(c)(1)(B)(i)(I), 11(c)(1)(D)(i), 16(a)(2)).

In view of Respondent's position and the evidence of record, I find that **Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
